[Criminal No. 365.   Filed June 1, 1915.]

[149 Pac. 316.]

STATE, Appellant, ·v. R. L. PINYAN, Respondent.

1. CRIMINAL LAW—EVIDENCE—JUDICIAL NOTICE.—Courts cannot take judicial notice of municipal ordinances and resolutions.

2. ELECTIONS — CRIMES — INFORMATION — SUFFICIENCY.—Penal Code of 1913, section 36, declares that every person who willfully procures another to be registered as an elector of any county, city or precinct knowing such person is not qualified shall be punished. Civil Code of 1913, paragraph 1922, declares that the mayor and common council of any city shall have the power to provide for and require the registration of all voters. An information charged that accused, knowing her not to be a competent person, procured the registration of a named individual as an elector of a city. Penal Code of 1913, section 947, declares that in pleading a private statute or a right "derived" therefrom it is sufficient to refer to the statute. *Held,* that a conviction could not be had without proof of an ordinance

requiring registration; the right to proceed against accused being "derived" from such ordinance.

[As to the offense of illegal registration or voting "knowingly," see note in **Ann. Cas. 1912A, 436.**]

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed and information ordered dismissed.

Mr. Wiley E. Jones, Attorney General, and Mr. Norman J. Johnson, County Attorney, for the State.

Mr. F. C. Jacobs and Mr. Jay Good, for Appellee.

ROSS, C. J.—The charging part of the information against appellee is as follows:

"The said R. L. Pinyan, on or about the 17th day of April, A. D. 1914, and before the filing of this information, at and in Gila county, state of Arizona, did then and there willfully, unlawfully, and feloniously cause and procure one Hattie Jackson, a female person, to be registered as an elector of the city of Globe, Gila county, state of Arizona, then and there knowing that the said Hattie Jackson was not able to read the Constitution of the United States in the English language in such manner as to show that she was neither prompted nor reciting from memory, and then and there knowing that the said Hattie Jackson could not write her name, and the said Hattie Jackson not then and there being prevented from such reading or writing by physical disabilities, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the state of Arizona."·

Upon demurrer the information was held bad. The state, being dissatisfied, has appealed.

The question as to whether the information states facts sufficient to constitute a public offense is the only one before us. The appellee contends that it is bad, for several reasons, only one of which will be noticed by us, as it is determinative and fatal to the information. The charge is drawn under section 36 of the Penal Code of 1913, which reads:

"Every person who willfully causes or procures, or attempts to cause or procure, another person to be registered

as an elector ·of any county, city or precinct in this state, knowing that such other person is not entitled to such registration, shall be punished as provided in the preceding section.''

The registration provided for and mentioned in this section must, of course, be a legal and authorized registration. It must be one ·made or being made in pursuance to some law; one in which a registration of electors was being made by officers authorized and empowered to act in the premises. Taking the language used in the information to mean ·that Hattie Jackson was being registered as a voter in and of the city of Globe, and that her registration was for the purpose of qualifying ·her to vote therein at some election to be held in Globe, still the information is silent as to the right or authority of anyone to register Hattie Jackson or anyone else for that purpose.

Paragraph 1922 of the Civil Code of 1913 provides: ''The mayor and common council of any city shall have the power by ordinance or ·resolution in writing to provide for and require a registration of all the voters of, or in said city. . . . ''

The mayor and common council may have passed the ordinance or resolution requiring the registration of the electors of ·the city of Globe, but how is the court to know if that very essential fact is not set out in the information? We may not take judicial notice of ordinances and resolutions of a municipal corporation. Dillon on Municipal Corporations, 5th ed., sec. 639; Bishop on Statutory ·Crimes, 3d ed., secs. 395–408. Without such a resolution or ordinance, there would be no authority in anyone to register the voters of Globe for municipal purposes. It is true that ·this prosecution is being. had under a public statute of which the courts will take judicial notice, but before the acts therein denounced as a crime in fact ·constitute a crime, as applied to a city registration, the proper city authorities must take the action required of them by paragraph 1922, *supra,* by the passage of a resolution or ordinance directing such registration. The resolution or ordinance ·therefore becomes the vitalizing force to the penal statute (section 36, *supra*), when sought to be applied to a city registration. A conviction could not be had of a violation of section 36, *supra,* without proof of ·the passage of an ordinance or resolution by the mayor and common

council authorizing and requiring a registration of the voters of the city of ·Globe, that fact being an essential ingredient or condition of the crime therein defined, and, it being necessary to prove it, it is necessary to allege it.

Section 947 of the Penal Code of·1913, provides: "In pleading a private statute, or a right derived therefrom, it is sufficient to refer to the statute by its title and the day of its passage, ·and the court must thereupon take judicial notice thereof."

The right to proceed against appellee in this action is "derived" from the action of the proper city authorities requiring a registration of the voters of the city of Globe and the information failing to set forth the fact of an order for a registration did not state acts sufficient to constitute the of-' fense attempted to be charged, and the demurrer was properly sustained.

The case is remanded, with directions that the information be dismissed.

FRANKLIN and CUNNINGHAM, JJ., concur.